**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FOREST CITY ENTERPRISES, INC./
MILLENDER CENTER APTS.,

      Plaintiff,                                Case No. 05-72606

v.                                            Hon. Anna Diggs Taylor

SAFIYA A. KHALID and
DETROIT EAST COMMUNITY
MENTAL HEALTH,

      Defendants.
_____/

**ORDER DENYING DEFENDANT'S *EX PARTE*
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     July 1, 2005

PRESENT:   Honorable Gerald E. Rosen
                      Presiding United States District Judge

      In a notice of removal and emergency *ex parte* motion filed on this date, Defendant Safiya A. Khalid seeks a temporary restraining order enjoining a number of pending state court suits and appeals involving her tenancy in a Millender Center Apartment unit. In support of her motion, Defendant states that she faces imminent eviction from her apartment, and she attributes this to the alleged failure of the co-Defendant governmental agency to remain current on its payments on this unit. For the reasons set forth briefly below, the undersigned Presiding Judge finds that the requested relief cannot be awarded.

First, the Court harbors considerable doubt as to whether the present suit was properly removed to federal court.[1]  In her notice of removal, Defendant states that there is complete diversity of citizenship as between Plaintiff and the two Defendants.  Even if so, however,[2] the governing federal statute does not authorize diversity-based removal by "a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  Since Defendant acknowledges that she is a Michigan resident, she cannot cite diversity of citizenship as a basis for removing a suit from Michigan to federal court.  Alternatively, to the extent that Defendant seeks removal on the basis of a federal question, it would appear that any such issues of federal law have been injected into the case by Defendant herself, as defenses to the eviction sought by Plaintiff.  Under the well-pleaded complaint rule, such federal defenses do not provide a basis for removal to federal court.  See Caterpillar Inc. v. Williams, 482 U.S. 386, 392-93, 107 S. Ct. 2425, 2429-30 (1987).

In addition, as a procedural matter, Defendant fails to indicate whether she has satisfied the rule of unanimity by securing her co-Defendant's consent to removal.  See Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 n.3 (6th Cir. 1999).  Nor does the record suggest that Defendant has satisfied the statutory requirement of timely

---

[1] Defendant's notice of removal was accompanied by an application to proceed *in forma pauperis.*  In resolving the present matter, the undersigned Presiding Judge assumes, without deciding, that Defendant is entitled to IFP status.  As the District Judge assigned to this case, Judge Taylor remains free to revisit this issue.

[2] The notice of removal states only that Plaintiff is an Ohio resident, without separately indicating the state of incorporation and principal place of business of this corporate entity.  See 28 U.S.C. § 1332(c)(1).


removal within 30 days. See 28 U.S.C. § 1446(b).³ For all of these reasons, then, the Court finds it very likely that jurisdiction is lacking here, making an award of *ex parte* injunctive relief unwarranted.

In any event, even if the Court had the power to award the relief sought by Defendant, it would be extremely reluctant to do so. First, in a companion case also removed to this Court by Defendant, Judge Battani has denied a similar request for relief, and has set the matter for hearing on July 14, 2005. The undersigned Presiding Judge is unwilling to second-guess Judge Battani's judgment on this matter. Although Defendant remains concerned that Judge Battani's order might not preserve the status quo until the hearing date because it does not encompass all of the parties to the various state court eviction proceedings, the Court deems it highly unlikely that any such party would risk violating the spirit, if not the letter, of Judge Battani's order by pursuing a course of action that another party with a seemingly shared interest could not.

Next, and more importantly, it appears that the subject of Defendant's concern is the Plaintiff corporation in the present action. The record reflects that Plaintiff and Defendant have been ordered to appear at a state court hearing set for July 1, 2005. In essence, Defendant invites this Court to presume that the state court will rule against her,

---

³It appears from the notice of removal that Defendant seeks to remove Michigan District Court Case No. 05-304982. Although the commencement date of this state court proceeding is difficult to discern from the record, the Court notes that an application for a writ of restitution was filed in that case on April 22, 2005. Thus, the state court proceeding presumably has been pending since at least that date.

3

and will give insufficient regard to the defenses that she wishes to pursue, particularly those involving federal law.  This Court is unwilling to indulge this presumption, but rather assumes, if anything, that the state court is the superior forum for addressing a landlord/tenant dispute.  In any event, because this matter already *is* pending in state court, with prior hearings having been held and prior rulings having been issued, this Court finds it inappropriate to interfere with these ongoing state court proceedings.  See 28 U.S.C. § 2283 (providing that federal courts generally "may not grant an injunction to stay proceedings in a State court"); see also Carroll v. City of Mount Clemens, 139 F.3d 1072, 1074 (6th Cir. 1998) (explaining that the doctrine of Younger abstention prohibits undue federal court interference in ongoing state court proceedings).  For all of these reasons, then, the Court declines to grant the *ex parte* injunctive relief sought by Defendant.

    Accordingly, NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's June 30, 2005 *Ex Parte* Emergency Motion for Temporary Restraining Order is DENIED.

                                              s/Gerald E. Rosen
                                              Gerald E. Rosen
                                              Presiding United States District Judge

Dated:  July 1, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 1, 2005, by electronic and/or ordinary mail.

                                              s/LaShawn R. Saulsberry
                                              Case Manager